UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

KELLY RICHTER                                    CIV. ACTION NO. 5:23-00829

VERSUS                                           JUDGE S. MAURICE HICKS, JR.

KROGER TEXAS L P ET AL                           MAG. JUDGE KAYLA D. MCCLUSKY

**REPORT & RECOMMENDATION**

Pending before the undersigned Magistrate Judge, on reference from the District Court, is a motion to remand [doc. #8], filed by Plaintiff Kelly Richter. The motion is opposed. [doc. #13]. For reasons assigned below, it is recommended that the motion to remand [doc. #8] be DENIED and that the claims against Defendant Robert Pierce be DISMISSED WITHOUT PREJUDICE.

**Background**

Kelly Richter ("Richter") filed the instant petition for damages ("the Petition") against Kroger Texas, L.P. ("Kroger") and Robert Pierce ("Pierce") (collectively, "Defendants") on May 16, 2023, in the Twenty-Sixth Judicial District Court, Bossier Parish, Louisiana. Petition for Damages [doc. #1-5]. Richter seeks recovery for injuries allegedly sustained when she slipped and fell on a wet substance ("the Slip-and-Fall") on the floor of the George Dement Boulevard Kroger in Bossier City, Louisiana ("the Store"). *Id.*

Richter is domiciled in Louisiana. *Id.* at p. 1. Pierce is also domiciled in Louisiana. *Id.* Kroger is an Ohio limited partnership consisting of general partner KRGP LLC and limited partner KRLP, Inc. Notice of Removal [doc. #1, p. 3]. KRGP LLC is an Ohio limited liability company whose sole member is The Kroger Company, an Ohio corporation with a principal place of

1

business in that state.  *Id.*  KRLP, Inc. is an Ohio corporation with a principal place of business in that state.  *Id.*

Defendants filed a notice of removal on June 20, 2023.  *Id.*  In the notice, Defendants allege that Pierce is improperly joined and should be ignored for purposes of diversity jurisdiction.  *Id.*  On this basis, Defendants assert that the adverse parties are completely diverse, and, as the amount in controversy likely exceeds $75,000, this Court has jurisdiction over the case.  *Id.*

The next day, June 21, 2023, Pierce filed an affidavit in which he declared that he lacked awareness of the Slip-and-Fall until after it occurred.  Affidavit of Robert Pierce [doc. #5].  Pierce further declared that he lacked awareness of any substances that may have been on the Store's floor prior to the Slip-and-Fall, or any conditions that may have led to the presence of any such substances.  *Id.*

Richter then filed a motion to remand on July 19, 2023.  M/Remand [doc. #8].  Therein, Richter avers that Defendants have failed to show that there is no possibility of her recovering from Pierce.  *Id.* at p. 4.  Richter argues that because Pierce is properly joined to the case – vitiating complete diversity between the adverse parties – this Court lacks jurisdiction over the matter.  *Id.* at p. 23.

Defendants' opposition to the motion to remand followed on August 9, 2023.  Opposition to M/Remand [doc. #13].  Therein, Defendants argue that there is uncontested evidence that Pierce was unaware of and uninvolved with the Slip-and-Fall, so he cannot be held liable for any breach, and, thus, is improperly joined to the suit.  Memorandum in Support of Opposition to M/Remand [doc. #13-1, pp. 3-6].  Defendants also argue that Richter's theory of general negligence against Pierce is not a reasonable basis for recovery, further evidencing Pierce's improper joinder.  *Id.* at pp. 6-9.

2

On August 15, 2023, Richter filed a reply to Defendants' opposition.  Reply to Opposition to M/Remand [doc. #14].  Richter argues that there is a clear possibility she can recover damages from Pierce and that Pierce had constructive knowledge of the substance that allegedly caused the Slip-and-Fall.  *Id.*

There have been no further filings, and the time for such filings has passed.[1]  *See* Notice of Motion Setting [doc. #9].  Accordingly, the matter is ripe.

## Analysis

A defendant may remove an action from state court to federal court, provided the action is one in which the federal court may exercise original jurisdiction.  *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing 28 U.S.C. § 1441(a)).  The removing defendant bears the burden of establishing federal subject matter jurisdiction and ensuring compliance with the procedural requirements of removal.  *Manguno*, 276 F.3d at 723.  Federal courts are courts of limited jurisdiction.  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citation omitted).  Accordingly, the removal statute is to be construed "strictly against removal and for remand."  *Hicks v. Martinrea Automotive Structures, Inc.*, 12 F.4th 511, 514-15 (5th Cir. 2021).  The party invoking federal jurisdiction bears the burden of proving the suit lies within the court's limited jurisdiction.  *Howery*, 243 F.3d at 916.

In removing this case to federal court, Defendant invoked the Court's subject matter jurisdiction via diversity, which requires (a) complete diversity of citizenship between plaintiffs and defendants, and (b) an amount in controversy greater than $75,000.  28 U.S.C. § 1332(a).

---

[1] On July 19, 2023, Defendants filed a third-party demand naming Reddy Ice LLC and Scottsdale Insurance Company (collectively "Third-Party Defendants").  Third-Party Demand [doc. #15].  Therein, Defendants allege that Third-Party Defendants owe Defendants a duty to defend, indemnify, and pay costs on behalf of Defendants.  *Id.* at p.3.  As discussed *infra*, the third-party demand does not alter the undersigned's analysis of the instant motion to remand.

Richter does not dispute that the amount in controversy exceeds $75,000. Rather, she argues that the adverse parties are not diverse and seeks remand to state court on that basis. Defendants counter that Pierce was improperly joined and should be ignored for purposes of diversity analysis.

A non-diverse defendant is improperly joined if "a plaintiff is unable 'to establish a cause of action against the non-diverse party in state court.'" *Hicks*, 12 F.4th at 515 (citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004)). "[Improper] joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003). Here, there are no allegations of actual fraud. Accordingly, the undersigned limits analysis to the second test.

When considering a plaintiff's ability to establish a cause of action against non-diverse parties, the Court must determine "whether there is arguably a reasonable basis for predicting that state law might impose liability." *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 462 (5th Cir. 2003). "This means there must be a *reasonable* possibility of recovery, not merely a theoretical one." *Id.* (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)). "Nonetheless, the burden of persuasion on those claiming [improper] joinder remains a heavy one." *Ross*, 344 F.3d at 462.

There are two ways to predict the imposition of liability: (1) the court can look at the allegations of the complaint to determine whether a claim is stated against the diversity-destroying defendants under state law; or (2) in the few cases where the plaintiffs have stated a claim, but have misstated or omitted discrete facts that would determine the propriety of joinder, the court may, in its discretion, "pierce the pleadings" and conduct a summary inquiry. *Smallwood*, 385 F.3d at 573.

4

The first test ("the Claim Inquiry") has been likened to the analysis used in Rule 12(b)(6) challenges.  *See id.* ("Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder."); *see also* FED. R. CIV. P. 12(b)(6).  To survive the Claim Inquiry, a complaint "must [contain] 'enough facts to state a claim to relief that is plausible on its face.'"  *Hicks*, 12 F.4th at 515 (citing *Int'l Energy Ventures Mgmt., L.L.C.*, 818 F.3d 193, 200 (5th Cir. 2016)).  The second test ("the Summary Inquiry") is "appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Smallwood*, 385 F.3d at 573-74.  To avoid resolving the merits of the case, the Summary Inquiry should be a circumscribed analysis focused on the jurisdictional question alone.  *Id.* at 574.  Under both inquiries, contested issues of fact and ambiguities in state law must be resolved in favor of the party requesting remand.  *Cuevas v. BAC Home Loans Serv.*, 648 F.3d 242, 249 (5th Cir. 2011) (citing *Travis*, 326 F.3d at 649).  If the plaintiff (a) cannot state a claim against the non-diverse defendant, or (b) successfully states a claim but fails to rebut evidence sufficient to preclude recovery, then improper joinder has occurred, and the district court properly has jurisdiction over the case.  In such a case, it is appropriate to dismiss without prejudice all claims against any improperly joined defendants.  *Int'l Energy Ventures Mgmt., L.L.C.*, 818 F.3d at 210.

In this case, Defendants appear, at times, to argue that Richter fails to state a claim against Pierce, but they rely upon extrinsic evidence – namely, the affidavit of Pierce – to support their argument that Richter has no basis for recovery against him.  The United States Court of Appeals for the Fifth Circuit has previously made clear that a "court may choose to use either one of these two analyses, but it *must* use one and only one of them, not neither or both."  *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 207 (5th Cir. 2016) (emphasis in original).  Thus, the undersigned proceeds with a summary inquiry.

Under Louisiana law, an employee can be held personally liable for the injuries a third party sustains on an employer's premises if (1) the employer owes a duty of care to the third person; (2) the employer delegated that duty to the defendant-employee; and (3) the defendant-employee breached the duty through his own fault and lack of ordinary care. *Moore v. Manns*, 732 F.3d 454, 456-57 (5th Cir. 2013) (citing *Canter v. Koehring Co.*, 283 So.2d 716, 721 (La. 1973)); *see also Walker v. Schwegmann Giant Supermarkets, Inc.*, 671 So.2d 983, 986-87 (La. 1996). However, a defendant-employee's "general administrative responsibility" is generally insufficient to impose personal liability. *Moore*, 732 F.3d at 57. "Courts have routinely held that retail store . . . managers were not personally liable for a customer's injury on a store premises when the manager had no connection to the accident other than general managerial responsibilities." *Parker v. Petsmart*, No. 21-cv-3327, 2022 WL 1256710, at *3 (W.D. La. Mar. 8, 2022), *R&R adopted*, 2022 WL 1251310 (W.D. La. Apr. 27, 2022).

Here, Richter alleges that Kroger's employees "were responsible for ensuring that [slippery substances] not be present on the floors of [the Store] and/or responsible for warning patrons . . . that there was a hazard on the floor [of the Store]." Petition for Damages [doc. #1-5, p. 3]. Richter further alleges that Kroger "had actual notice of the substance on the floor [of the Store] prior to [her] fall." *Id.* The allegation of actual notice is supported by further allegations that there were "multiple towels" left on the ground near the substance Richter slipped on, as well as "a trash bin full of seemingly used and wet towels." *Id.* [2]

Richter further alleges that Kroger's delegated certain duties to Pierce. Richter alleges,

---

[2] In Louisiana, a merchant owes "a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition." LA. REV. STAT. § 9:2800.6 (2023).

*inter alia*, that Pierce had "managerial and supervisory duties"[3] to "implement and/or enforce a reasonable, . . . non-discretionary clean-up and safety procedure" and "to take measures and/or enforce [instructions/directions] to determine the source(s) of hazardous conditions and/or to thereafter undertake the necessary measures to keep said hazardous conditions from recurring[.]" Petition for Damages [doc. #1-5, pp. 6-7].[4]

Richter makes further specific allegations against Pierce that he failed "to exercise reasonable care to keep [the store'] aisles, passageways[,] and floors in a reasonably safe condition, including a reasonable effort to keep its premises free of any hazardous condition, which reasonably might give rise to damage, despite [his actual or, in the alternative, constructive] knowledge of said hazardous condition . . . ." Petition for Damages [doc. #1-5, p.6]. Moreover, Richter alleges that Pierce failed "to warn [her] of the above-described hazardous condition prior to" the Slip-and-Fall. *Id.* at p. 7.

---

[3]"Duties" in the context of the quoted language is interpreted as not referring to a legal duty. Instead, "duties" is taken to mean responsibilities of employment. Elsewhere in the Petition, the phrase "duties to Plaintiff" is used to indicate that legal duties are being referred to.

[4]While Richter alleges that Kroger delegated specific duties to Pierce in this manner, it is clear that these are the type of general managerial duties which cannot suffice to support individual liability against Pierce. *See, e.g., Mouret v. Walmart, Inc.*, 6:18-CV-01639, 2019 WL 2895752, at *4 (W.D. La. Apr. 29, 2019), *report and recommendation adopted,* 6:18-CV-01639, 2019 WL 2895709 (W.D. La. July 2, 2019) ("Any duty that Mr. Bernard might have had to establish procedures with regard to the presence of hazardous substances on the floor of the store or to train the store's employees with regard to those procedures fell upon him because he was Wal-Mart's 'support manager' and therefore was responsible for the administration of the store."); *Luna v. PNK (Lake Charles), LLC*, 2:16-CV-01099, 2016 WL 6748029, at *4 (W.D. La. Sept. 27, 2016), *report and recommendation adopted sub nom. Luna v. PNK (Lake Charles), LLC*, 2:16-CV-01099, 2016 WL 6747295 (W.D. La. Nov. 14, 2016) (Any duty manager had "to establish procedures with regard to the use, safety, inspection, repair, or maintenance of the casino's wheelchairs and to train the casino's employees with regard to those procedures fell upon him because he was the general manager of the hotel and casino and consequently responsible for the administration of the hotel and casino as a whole.").

The Summary Inquiry utilizes a higher standard than the Claim Inquiry and analyzes evidence rather than pleadings.  *Cf. Smallwood*, 385 F.3d at 573-74 (holding remand appropriate under the Summary Inquiry only in "the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant") *with Hicks*, 12 F.4th at 515 (holding remand appropriate under the Claim Inquiry only in absence of allegations containing "enough facts to state a claim to relief that is plausible on its face").

For Defendants to succeed here, there must be undisputed facts that vitiate an element of Louisiana's employee liability test: (1) the employer's duty to the plaintiff, (2) the employer's delegation of that duty to the defendant employee, and (3) breach of that duty by the defendant employee.  *See Moore*, 732 F.3d at 456-57.  Pierce submitted an affidavit in which he declared that, while he was working at the Store on the day of the Slip-and-Fall, he was not in the vicinity of the Slip-and-Fall when it occurred, nor did he witness the Slip-and-Fall, nor was he aware of the Slip-and-Fall until called to the scene later.  Affidavit of Robert Pierce [doc. #5].  Pierce further declared that he was not aware of any substance on the floor prior to the Slip-and-Fall, nor was he aware of any condition that may have caused the presence of such a substance.  *Id.*  Plaintiff has provided no contrary evidence, and there is nothing in the record to dispute that Pierce had any connection to the Slip-and-Fall beyond his general managerial duties.[5]  The evidence offered by Defendants regarding Pierce's non-involvement with the Slip-and-Fall, along with the lack of

---

[5] Richter cites to an apparent incident report of the Slip-and-Fall prepared by or for Defendants. The report reads "Reddy Ice just filled ice machine[,] left water on floor[.]  Customer went to get ice[,] bag broke open and [she] fell [hurting her left] wrist and [right] knee."  Reply to Opposition to M/Remand [doc. #14, p. 8].  This evidence does not address whether Defendant Pierce was in the vicinity of the Slip-and-Fall when it occurred, witnessed the Slip-and-Fall, or was aware of the Slip-in-Fall until later.  Nor does it address whether Defendant Pierce was aware of any substance on the floor prior to the Slip-and-Fall or any condition that may cause the presence of such a substance.

contrary evidence, precludes Richter from recovering as a breach of duty by Pierce cannot be established on the current record. Thus, Pierce is improperly joined, there is total diversity between the properly joined adverse parties,[6] and this Court has jurisdiction over the instant action.

Accordingly, it is RECOMMENDED that Richter's motion to remand be denied, and Pierce be dismissed without prejudice from the case.

<u>Conclusion</u>

For the foregoing reasons,

**IT IS RECOMMENDED** that Richter's motion to remand [doc. #8] be **DENIED** and her claims against Pierce be **DISMISSED WITHOUT PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM**

---

[6] Third-Party Defendants are diverse from Richter. Reddy Ice LLC has a principal place of business in Texas. Third-Party Demand [doc. #15, p. 1]. The sole member of Reddy Ice LLC is SCIH Holdings, a Delaware corporation with a principal place of business in Texas. Scottsdale Insurance Company has a principal place of business in Arizona. *Id.* Should information arise putting the diversity between the Third-Party Defendants and Richter into question, the latter is entitled to file an appropriate, timely motion.

**ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 22nd day of November, 2023.

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE

10