UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **KELLY RICHTER** | **CIV. ACTION NO. 5:23-00829** |
| **VERSUS** | **JUDGE S. MAURICE HICKS, JR.** |
| **KROGER TEXAS L P ET AL** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Before the undersigned magistrate judge, on reference from the District Court, is a motion for leave to file a second amended complaint [doc. # 37] filed by Plaintiffs Kelly and Lance Richter. The motion is opposed. [docs. #41, 42].

For reasons assigned below, it is recommended that the motion be GRANTED and the case REMANDED.

## Background

Kelly Richter filed the instant petition for damages against Kroger Texas, L.P. ("Kroger") and Robert Pierce on May 16, 2023, in the Twenty-Sixth Judicial District Court, Bossier Parish, Louisiana. Petition for Damages [doc. #1-5]. Kroger and Pierce[1] removed the action to this court on June 20, 2023. Notice of Removal [doc. #1]. An amended petition – filed in state court after removal – was added to the record on December 18, 2023. This amended petition added Lance Richter as a plaintiff and named Reddy Ice, LLC ("Reddy Ice") and a John Doe employee of Reddy Ice as defendants. Plaintiffs seek recovery for injuries Kelly Richter allegedly sustained when she slipped and fell on a wet substance on the floor of the George Dement

---

[1] Pierce was dismissed from this action on January 3, 2024. *See* Judgment Adopting Report and Recommendation re M/Remand [doc. #31].

Boulevard Kroger in Bossier City, Louisiana.  Petition for Damages [doc. #1-5].  Kroger has also named Reddy Ice and its insurer, Scottsdale Insurance Company, as third-party defendants.  Third-Party Demand [doc. #15].  Kroger asserts that the ice machine associated with the wet substance Kelly Richter slipped on was serviced and supplied by Reddy Ice and that the presence of the substance is attributable to Reddy Ice employees.  *Id.* at pp. 1-2.

The Richters filed the instant motion for leave to file a second amended complaint on March 11, 2024.  Second M/Amend [doc. #37].  The proposed amendment identifies Garric Maple as the John Doe employee of Reddy Ice and names him as a defendant.  *Id.*  Plaintiffs seek to hold him liable for claims pursuant to Louisiana Civil Code Articles 2315, 2316, 2317, 2317.1, and Louisiana Revised Statute § 9:2800.6.  *Id.*  Kroger filed its opposition to the motion on April 2, 2024.  Kroger's Opposition to the Second M/Amend [doc. #41].  Reddy Ice filed its opposition that same day.  Reddy Ice's Opposition to the Second M/Amend [doc. #42].  The Richters replied to the oppositions on April 9, 2023, Reply to Oppositions to Second M/Amend [doc. #43], and supplemented their reply on April 19, 2024.  Supplemental Reply to Oppositions to Second M/Amend [doc. #50].

Briefing is complete.  Accordingly, this matter is ripe.

## Analysis

### I.     Legal Standard

The Federal Rules of Civil Procedure allow parties to amend their pleadings with leave of court.  FED. R. CIV. P. 15(a)(2).  Courts "should freely give leave when justice so requires."  *Id.*  This directive is constrained when "the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction."  28 U.S.C. § 1447(e).  In those instances, the court "may deny joinder, or permit joinder and remand the action to" the appropriate state court.

*Id.* It should also "scrutinize [the proposed] amendment more closely than an ordinary amendment." *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). In so doing, the court must consider the following so-called *Hensgens* factors:

> (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction;
>
> (2) whether the plaintiff has been dilatory in seeking amendment;
>
> (3) whether plaintiff will be significantly injured if amendment is not allowed; and
>
> (4) any other factors bearing on the equities.

*Wilson v. Bruks-Klockner, Inc.*, 602 F.3d 363, 367-68 (5th Cir. 2010) (quoting *Hensgens*, 833 F.2d at 1182). The court, with input from the defendant, should then balance the equities and decide whether amendment is proper. *Id.* If amendment is allowed and the non-diverse defendant is added to the case, the court must remand the matter. *Id.*

A key issue for consideration is whether the plaintiff has a reasonable possibility of recovery against the non-diverse defendant. A plaintiff denied amendment will not be "significantly injured" if she is unable to add a clearly meritless claim. *Id.* at 368. Consequently, the Fifth Circuit has held that courts may deny proposed amendments as futile "if there is no reasonable basis to predict that the plaintiff will be able to recover against the non-diverse, non-indispensable party sought to be added." *Id.* When deciding whether a plaintiff states a colorable claim for relief against the proposed defendant, courts may permit "limited discovery into 'discrete and undisputed facts' that had been omitted from the complaint and that might preclude recovery against the in-state defendant." *Id.* at 373 (quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573-74 (5th Cir. 2004)). Courts have treated the determination of whether a colorable claim has been stated as analytically preceding review of the *Hensgens*

3

factors.  *See, e.g.*, *Martin v. Walmart, Inc.*, No. 22-0256, 2022 WL 2253797 (W.D. La. May 26, 2022), *report and recommendation adopted* 2022 WL 2253303 (W.D. La. June 22, 2022).

**II.     Discussion**

*a.     Colorable Claim*

The undersigned first determines whether Plaintiffs have stated a colorable claim against Maple.  Under Louisiana law, an employee may be held individually liable for injuries to third persons.  *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 312 (5th Cir. 2005) (citing *Canter v. Koehring Co.*, 283 So.2d 716, 722 n.7 (La. 1973), *superseded on other grounds by statute as stated in Peironnet v. Matador Res. Co.*, 144 So.3d 791 (La. 2013).  Such liability may arise "for injury resulting from [the employee's] fault independent of any obligation imposed upon him by virtue of his employment duties, even though the fault occurs during the course of his employment."  *Canter*, 283 So.2d at 722 n.7.  This is, in part, because "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."  LA. CIV. CODE art. 2315(A).  An employee may also be personally liable if (1) the employer owed a duty of care to a third person; (2) the employer delegated that duty to a defendant-employee; and (3) the defendant-employee breached the duty through his own fault or lack of ordinary care.  *Moore v. Manns*, 732 F.3d 454, 456-57 (5th Cir. 2013) (citing *Canter*, 283 So.2d 716).

Here, there are several bases to find that the Richters have stated a colorable claim against Maple.  The first arises from a delegation of duties by Reddy Ice to Maple.  In the vendor contract Reddy Ice agrees to indemnify Kroger for "any claim for damages to . . . injuries to persons . . . incurred as a result of or caused by the acts or omissions of [Reddy Ice's]

4

employees." Vendor Contract [doc. #43-1].[2] This indemnification clause plausibly shows that Reddy Ice owed a duty of care to third parties for conditions on Kroger's premises created through the acts or omissions of Reddy Ice employees. Maple's job description indicates that, as an employee of Reddy Ice, he had the duty and responsibility to "[f]ollow all Standard Operating Procedures and processes." Job Description and Delivery SOP [doc. #50-3, p. 1]. Those standard operating procedures indicate that Maple was to "[c]heck [the] delivery area to make sure there [were] no safety hazards" and "[d]ouble check the delivery area(s) for water and clean up." *Id.* at pp. 3, 5. In the presence of water, Maple was to place "'wet floor' signage if necessary and available." *Id.* at p. 5. These standard operating procedure terms plausibly show that Reddy Ice had delegated a duty to Maple. There are no allegations or facts in the record indicating that Maple complied with these procedures. The Richters have thus made a plausible showing that Maple may be held personally liable for breach of a duty delegated to him. Consequently, Plaintiffs have made a colorable claim against Maple.

Maple may also plausibly be held personally liable under Louisiana Civil Code Articles 2315, 2316, 2317, and 2317.1[3] based on the allegations contained in the proposed amended

---

[2] Under Louisiana law, merchants owe "a duty to persons who use his premises to exercise reasonably care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty include a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage." LA. REV. STAT. § 9:2800.6(A).

[3] These provisions offer various theories of liability. "Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." LA. CIV. CODE art. 2315. "Every person is responsible for the damage he occasions not merely by his act, but by his negligence, his imprudence, or his want of skill." *Id.* at art. 2316. Furthermore, individuals are liable for damage "which is caused by the act of persons for whom [they] are answerable, or of the things which we have in our custody." *Id.* at art. 2317. The custodian of a thing is liable for damage "occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage" if the damage could have been prevented by exercise of reasonable care and reasonable care was not exercised. *Id.* at art. 2317.1.

pleadings. *See, e.g.*, Proposed Second Supplemental and Amended Complaint [doc. #37-1, pp. 2-3] ("[T]he hazardous substance condition . . . was ice/water that was deposited, and left to remain, on the Kroger floor by [Maple] while engaged in his Reddy Ice job duties . . . ."). Plaintiffs have thus stated colorable claims under those provisions.

Whether Maple in fact breached any duty is ultimately a question for the trier of fact and cannot be resolved at this stage of litigation. The instant analysis is merely whether Plaintiffs have made a colorable claim against the prospective non-diverse defendant, not whether that defendant is to be found liable.

The undersigned finds that the Richters have stated a colorable claim against Maple.

b.   Hensgens *Analysis*

Having found that a colorable claim has been stated against Maple, the undersigned now turns to the *Hensgens* factors. The first factor is whether joinder of the non-diverse defendant is sought to destroy federal jurisdiction. Courts have weighed various considerations in making this determination.[4] Courts in this district have adopted the approach that if a plaintiff states a colorable claim against the non-diverse defendant, then the purpose of the amendment is not to destroy diversity. *See, e.g.*, *Diamond McCattle Co. LLC v. Range Louisiana Operating LLC*, No. 18-0229, 2018 WL 6728587 (W.D. La. Dec. 21, 2018); *Martin*, 2022 WL 2253797. As discussed *supra*, the Richters have a colorable cause of action against Maple. Consequently, the purpose of the proposed amendment is not to defeat diversity.

---

[4] For instance, some courts have asked "whether the plaintiffs knew or should have known the identity of the non-diverse defendant when the state court complaint was filed." *Schindler v. Charles Schwab & Co., Inc.*, No. 05-0082, 2005 WL 1155862, at *3 (E.D. La. May 12, 2005); *see also Penny Realty Inc. v. Sw. Capital Servs., Inc.*, No. 08-0473, 2008 WL 2169437, at *2 (W.D. La. May 23, 2008).

The second factor is whether the plaintiff has been dilatory in seeking to add the non-diverse defendant. Both Kroger and Reddy Ice concede that the Richters have not been dilatory in seeking to join Maple. Kroger's Memo in Opposition to the Second M/Amend [doc. #41-1, p. 5]; Reddy Ice's Opposition to the Second M/Amend [doc. #42, p. 11]. Rather, Defendants contend that the Richters have been dilatory in amending their factual allegations. Kroger's Memo in Opposition to the Second M/Amend [doc. #41-1, pp. 5-6]; Reddy Ice's Opposition to the Second M/Amend [doc. #42, p. 11]. On February 21, 2024, the undersigned ordered that the Plaintiffs "may engage in discovery to learn of the names of employees who may be added to the case" and amend pleadings and join parties within ninety days of that order's entry. [doc. #36]. The Richters sought leave to amend their pleadings on March 11, 2024, well before the ninety-day period had elapsed. Plaintiffs thus sought to amend their factual pleadings – and, critical to the *Hensgens* analysis, add the non-diverse defendant – pursuant to this court's order. Therefore, the Richters have not been dilatory in seeking to join Maple to this case.

The next *Hensgens* factor is whether the plaintiff will be significantly injured if amendment is not allowed. The undersigned agrees with Kroger and Reddy Ice that, should Maple be held liable, Reddy Ice would be responsible for any recovery owed to Plaintiffs under a theory of *respondeat superior*. *See* Kroger's Memo in Opposition to the Second M/Amend [doc. #41-1, pp. 6-7]; Reddy Ice's Opposition to the Second M/Amend [doc. #42, pp. 11-13]. However, if the motion for leave to amend was denied and the Richters nonetheless pursued their claims against Maple, they would be forced to bear the burden of maintaining parallel lawsuits arising from the same set of facts in both state and federal court. Consequently, on balance this factor weighs in favor of amendment.

The final factor for analysis is a balancing of any linger equitable considerations. Parallel proceedings arising from denial of the motion would be an avoidable drain on judicial resources, as well as the resources of the parties and potential witnesses, and risks inconsistent rulings. Furthermore, no scheduling order has been set in this matter, so no discovery deadlines are in place nor has a trial date been set. While Defendants have an interest in retaining a federal forum, Plaintiffs have an equal interest in returning to the state forum they originally chose. In short, the equities – as well as the other *Hensgens* factors – favor amendment.

Accordingly, it is RECOMMENDED that Plaintiffs' motion be granted.

c.   *Remand*

If joinder of a non-diverse defendant is permitted, then remand to state court is mandatory. 28 U.S.C. § 1447(e). The undersigned has recommended joinder of Maple, a non-diverse defendant. If the court adopts this recommendation, then remand is necessary.

Accordingly, it is RECOMMENDED that the matter be remanded to the Twenty-Sixth Judicial District, Bossier Parish, Louisiana.

## Conclusion

For the above-stated reasons,

IT IS RECOMMENDED that the Richters' motion for leave to file a second amended complaint [doc. #37] be GRANTED and that the case be REMANDED to the Twenty-Sixth Judicial District, Bossier Parish, Louisiana.

In Chambers, at Monroe, Louisiana, on this 14th day of May, 2024.

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE